**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| DERRICK PAUL HOLMES, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-12 |
| v. | |
| WARDEN STANLEY WILLIAMS; MR. MOURAD; JAMES DEAL; MR. SMOKES; MS. MARTIN; SARGENT CAS; EARL TOPPINGS; RICHARD BUNCH; JOHNNY DAVIS; ERIC YONG; CARLOS DELGADO; OFFICER WEST; UNIT MANAGER BLAND; OFFICER SANDERS; DR. COOK; CERT TEAM WHITEFIELD; OFFICER GEORGE; UNKNOWN CERT TEAM MEMBERS; OFFICER JONES; UNKNOWN SMITH STATE PRISON NURSES; TOOL; TOUCHA; COCHA; BRIAN OWENS; and NATHAN DEAL, | |
| Defendants. | |

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, has filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while housed at Smith State Prison in Glennville, Georgia. (Doc. 1, pp. 2–3.) Also before the Court are several Motions filed by Plaintiff: a Motion to Amend/Correct Complaint (doc. 15); a Motion to Compel Discovery (doc. 11); a Motion to Appoint Counsel (doc. 18); a Motion for Permanent Injunction, Motion for Temporary Restraining Order (doc. 7); a Motion for Help (doc. 12); and a Motion for Preliminary Injunction and Motion for Temporary Restraining Order (doc. 15).

For the reasons that follow, Plaintiff's Motion to Amend/Correct Complaint (doc. 15) is **GRANTED**, and the Clerk of Court is **DIRECTED** to make the corresponding changes upon the docket of this case, as instructed more specifically below. In addition, Plaintiff is **ORDERED** to show cause, **within thirty (30) days** of the date of this Order, why his Complaint as amended should not be dismissed without prejudice for abuse of the judicial process. Plaintiff's Motion to Compel Discovery (doc. 11) and Motion to Appoint Counsel (doc. 18) are hereby **DENIED**. Finally, it is **RECOMMENDED** that Plaintiff's Motion for Permanent Injunction, Motion for Temporary Restraining Order (doc. 7); Motion for Help (doc. 12); and Motion for Preliminary Injunction and Motion for Temporary Restraining Order (doc. 15) be **DENIED**.

## STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A of the Prison Litigation Reform Act requires a district court to screen the prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b). Similarly, Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss a prisoner's case if it determines, at any time, that any of the aforementioned grounds for dismissal are present. Id. § 1915(e)(2)(B).

In conducting an initial review, the Court must ensure that the prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act set forth in Sections 1915 and 1915A. See 28 U.S.C. §§ 1915, 1915A. Notably, in determining compliance, the Court is

guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988). That is, because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys," they are liberally construed. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

## PLAINTIFF'S ALLEGATIONS

Plaintiff contends that while he was housed at Smith State Prison from June 2012 to May 2013, the prison staff and administration ignored his safety concerns, requests for medical treatment, and grievances filed on several occasions. (Doc. 1, pp. 3–28.) For example, Plaintiff alleges that the prison officials assigned him to a cell with a violent roommate—without a properly functioning emergency help button or any supervising officers nearby—and, even after the roommate assaulted Plaintiff, disregarded his requests for reassignment to a one-man cell, repair of the help button, and medical treatment for his resulting injuries. (Id. at pp. 6–10.) Plaintiff also describes two instances in early April 2013—one involving a fire in his building and the other concerning construction work on his cell door—in which the prison officials allegedly failed or refused to evacuate him from his cell, causing him to suffer breathing difficulties and other injuries, and later denied him medical treatment for the same. (Id. at pp. 11–15.) Plaintiff maintains that he filed grievances following these alleged events but that the prison officials threw away or ignored his grievances and, ultimately, retaliated and conspired against him for filing them. (Id. at pp. 16–17.) Specifically, Plaintiff alleges that in late April 2013, the prison officials took his property, sprayed him with pepper spray, assaulted him multiple times, and then locked him in a cell for twenty-five days with severe injuries and no medical care until transferring him to Macon State Prison on May 28, 2013. (Id. at pp. 18–27.)

On January 13, 2015, Plaintiff filed the instant Complaint using the standard form for civil rights complaints filed pursuant to Section 1983. (Id. at p. 1.) Of note, Section I of the complaint form, titled "Previous Lawsuits," requires Plaintiff to disclose whether he has "filed other lawsuits in federal court while incarcerated in any institution." (Id.) Plaintiff has responded by placing a check mark next to the option reading, "No." (Id.) Section I also inquires as to the parties, the court, and other pertinent details of a previous lawsuit—including, for example, "Did the previous case involve the same facts?" (Id. at pp. 1–2.) Plaintiff has left blank the spaces provided for responding to these questions. (Id.)

Plaintiff's Complaint goes on to identify numerous members of the Smith State Prison administration and staff as Defendants in this action: Warden Stanley Williams, Counselor Mourad, Warden James Deal, Sergeant Cas, COII Earl Toppings, Unit Manager Smokes, COII Richard Bunch, Ms. Martin, Lieutenant Johnny Davis, COII Eric Yong, COII Carlos Delgado, Lieutenant West, Unit Manager Bland, Counselor Sanders, Ms. Cook, Ms. Tool, Ms. Tocha, Ms. Chocha, Cert Team Whitefield, Cert Team George, Cert Team Jones, an unknown group of Cert Team members, and an unknown group of nurses. (Id. at pp. 1, 34.) Plaintiff also names Governor Nathan Deal and Commissioner Brian Owens as Defendants. (Id.) Plaintiff seeks relief from these Defendants pursuant to Section 1983 on the basis that the alleged events at Smith State Prison violated his First, Eighth, and Fourteenth Amendment rights as well as Georgia law. (See generally id.) As relief, Plaintiff requests a Court order declaring that Defendants violated his constitutional rights and requiring the following: that Internal Affairs investigate the alleged incidents; that criminal charges be brought against Defendants; that Defendants return Plaintiff's property or otherwise compensate him for his loss thereof; and that Plaintiff be provided a correct computation of his sentence and charges and be allowed to

challenge the same. (Id. at pp. 31–32.) Plaintiff also seeks an award of compensatory and punitive damages, as well as attorney's fees and costs, from the Defendants jointly and severally. (Id.)

**DISCUSSION**

The Court must review Plaintiff's allegations for compliance with Sections 1915 and 1915A of the Prison Litigation Reform Act. Because Plaintiff has also filed several Motions currently pending before the Court, the undersigned addresses each of these in turn. In doing so, the undersigned applies the Standard of Review set forth above.

**I.     Motion to Amend/Correct Complaint (Doc. 15)**

In this Motion, dated May 29, 2015, Plaintiff requests the Court's permission to amend his Complaint so as to add new Defendants and claims relating to the conditions of his confinement after receiving transfer from Smith State Prison to Macon State Prison in May 2013. (Doc. 15, pp. 1, 4.) Plaintiff's Motion sets forth the proposed amendment—intended to supplement, rather than to replace, the original Complaint—beginning with a list of Macon State Prison staff members as additional Defendants: Sergeant Hall, Counselor Thomas, Counselor Eddie Walker, Ms. Carter, Counselor Black, Sergeant Hudson Charles, Officer Banks, Captain Sales, COII Toby, COII William Ieshia, Lieutenant Blackshere, Anthony Cox, COII Jenkins, Officer Moore, Unit Manager McIntyre Tracy, Mr. Wallice, COII Kendrick Wilkerson, Ms. Solomon R. Bennie, Officer Williams, Warden Don Blakely, Bobbitt Trevonza, COII Kelly Christopher, Lieutenant Demundo Domenico, Sergeant Knighton Tanya, Lieutenant Eadie, Gregory McLaughlin, Sergeant Ingram, Sergeant Ross, Misti Jones, and Officer Jefferson. (Id.

at pp. 2, 6.)[1] Further, the proposed amendment recounts several events that allegedly took place at Macon State Prison, each involving some form of injury or assault, denial of medical treatment, false imprisonment, conspiracy, unsafe cell conditions, or cellmate violence. (Id. at pp. 5–13.) Based on those allegations, Plaintiff's amendment advances various claims for money damages against the Macon State Prison officials for allegedly violating his rights under the First, Eighth, and Fourteenth Amendments to the federal and state constitutions. (Id. at pp. 5-20.)

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") provides that a party "may amend its pleading once as a matter of course" either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). Once this time has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Notably, nothing in the Prison Litigation Reform Act repeals Rule 15(a). Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004). Indeed, the Court of Appeals for the Eleventh Circuit has held that a prisoner plaintiff has a right to amend his complaint as a matter of course under Rule 15(a) when "he ha[s] filed his motion to amend before the district court ha[s] dismissed his complaint and before any responsive pleadings ha[ve] been filed." Stringer v.

---

[1] Also included in this list are Governor Nathan Deal and Commissioner Brian Owens. (Doc. 15, p. 2.) These individuals are already named Defendants in this action, and, therefore, the Court declines to consider them as "additional" Defendants for present purposes.

6

Jackson, 392 F. App'x 759, 760–61 (11th Cir. 2010) (citing Brown, 387 F.3d at 1349). Because the Prison Litigation Reform Act also "does not preclude a district court from granting a motion to amend" under Rule 15(a), the Court has ruled that it is an abuse of discretion to deny a motion filed under those circumstances. Brown, 387 F.3d at 1349 (reversing district court's denial of prisoner plaintiff's motion to amend Section 1983 complaint, because it was filed before complaint was dismissed and before responsive pleadings were filed); see also Stringer, 392 F. App'x at 761 (same).

Plaintiff filed the instant Motion containing the proposed amendment to his Complaint on May 29, 2015. (Doc. 15.) At that time, the Court had not conducted an initial review of his Complaint—much less entered any order of dismissal—and Defendants had not filed any responsive pleading thereto. Accordingly, pursuant to Rule 15(a) and Brown, Plaintiff has a right to amend his Complaint as a matter of course, and the Court cannot deny Plaintiff's Motion to do so at this time. See Fed. R. Civ. P. 15(a); Brown, 387 F.3d at 1349.

Thus, Plaintiff's Motion (doc. 15) is **GRANTED**, such that his Complaint (doc. 1), as amended, now includes the additional content proposed in this Motion (doc. 15). The Clerk of Court is hereby **DIRECTED** to create a new docket entry containing only the relevant portion of Plaintiff's Motion (doc. 15, pp. 2–23) under the title "Amendment to Complaint." Additionally, because the Amendment to Complaint names the Macon State Prison officials as Defendants, the Clerk of Court is **DIRECTED** to add these individuals to the list of Defendants appearing upon the docket sheet of this case.

## II.     Review of Plaintiff's Complaint as Amended (Docs. 1, 15)

In his Complaint, Plaintiff indicates that he has not previously initiated any lawsuits in federal court while incarcerated. (Doc. 1, p. 1.)  Likewise, Plaintiff's Amendment to Complaint is silent as to the existence of any prior suits. (See Doc. 15.)

However, the Court's case management system shows at least one previous action brought by Plaintiff that he fails to identify here: Smith v. Williams, No. 6:13-cv-69-BAE-RSB (S.D. Ga. Mar. 5, 2015).  In Smith, Plaintiff and another inmate jointly filed a Section 1983 complaint against several Smith State Prison officials on July 9, 2013.  Id.  While the complaint largely contained allegations relating only to the other inmate, Plaintiff's subsequent filings in that case affirmed his intent to pursue the claims jointly.  See id.  In any event, because Plaintiff failed to pay the filing fee or otherwise move to proceed in forma pauperis, Plaintiff was dismissed from the lawsuit.  Id.

As previously stated, Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915.  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  Id. at 226 (emphasis omitted) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); see also McNeil,

508 U.S. at 113 ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form— did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit recently explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

As Plaintiff jointly filed Smith with another inmate while incarcerated, Plaintiff misrepresents his litigation history in his Complaint. The plain language of the complaint form is clear—asking whether Plaintiff has "filed other lawsuits in federal court while incarcerated." (Doc. 1, p. 1 (emphasis added).) Thus, regardless of whether Plaintiff was dismissed from Smith early in the litigation, his initiation of that lawsuit is the precise type of activity for which this prompt requires disclosure. In addition, the complaint form inquires as to whether a "previous case involve[d] the same facts." (Id. at p. 2.) Although Plaintiff's reasons for jointly filing Smith were not articulated in the complaint, the timing suggests that he may have done so based on the same alleged events giving rise to the instant action—in which case his obligation to disclose that suit would be all the more evident. In any event, Plaintiff failed to fully disclose— —and, in fact, affirmatively denied—the existence of a prior lawsuit in federal court, which constitutes a lack of candor that will not be tolerated in this Court.

Nevertheless, the Court will afford Plaintiff an opportunity to explain this deficiency in his Complaint as amended. Plaintiff is hereby **ORDERED** to show cause, **within thirty (30) days** of the date of this Order, why this action should not be dismissed without prejudice for failing to truthfully disclose his litigation history as required by the complaint form. Plaintiff is

cautioned that failing to provide a sufficiently persuasive justification for his lack of candor could result in a dismissal of this action for abuse of the judicial process.

### III. Motion to Compel Discovery (Doc. 11)

Plaintiff's Motion, filed February 27, 2015, seeks to obtain the names of the unknown groups of Smith State Prison staff members he names as Defendants in his Complaint. (Doc. 11, p. 1.) In particular, Plaintiff requests the names of the following: the staff members who worked in his building on the date of the fire; the construction crew who worked on his cell door; the Cert Team members who allegedly assaulted him; the nurses who allegedly denied him medical treatment; and the staff members who ordered his transfer to Macon State Prison. (Id. at pp. 1, 3–5, 7–8.) Plaintiff also asks that Defendants produce copies of their policies and procedures for responding to fires and using pepper spray against inmates, as well as copies of any reports created after the incidents alleged here. (Id. at pp. 2, 4–5.)

Federal Rule of Civil Procedure 26(d) ("Rule 26(d)") provides, in pertinent part, that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." Notably, Federal Rule of Civil Procedure 26(a)(1)(B) exempts a pro se prisoner, such as Plaintiff, from initial disclosure, such that he is not subject to the discovery constraints under Rule 26(d). See Fed. R. Civ. P. 26(a)(1)(B)(iv), 26(d). Even so, a court may, in its discretion, control the scope and timing of discovery in the interests of justice. See Fed. R. Civ. P. 26(d)(2).

While the undersigned appreciates Plaintiff's efforts to obtain the full and correct names of the unknown groups of Smith State Prison staff members he names as Defendants, this Motion is premature. At the time Plaintiff filed this Motion on February 27, 2015, the undersigned had not yet conducted an initial review of the Complaint. Moreover, upon reviewing the Complaint

11

as amended, it appears that there is a definite risk of this action being dismissed without prejudice. See supra Part II. Because the future of this litigation is uncertain, it is in the interests of both parties that Plaintiff not pursue discovery at this time.

Moreover, Plaintiff is also advised that future discovery requests, in this case or in other litigation, should be directed to the appropriate person or party before being brought to the Court. See Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

For these reasons, Plaintiff's Motion to Compel is **DENIED**.

## IV. Motion to Appoint Counsel (Doc. 18)

Plaintiff moves the Court for an order appointing counsel to represent him in this case. (Doc. 18, p. 1.) Plaintiff argues that he has insufficient funds to hire his own counsel, as evidenced by the Court's Order granting him leave to proceed in forma pauperis. (Id.) Plaintiff further contends that his imprisonment limits his access to legal materials and his ability to litigate, and that counsel would be better suited to handle the complex legal issues and examine the potential witnesses in this case. (Id.)

"A plaintiff in a civil case has no constitutional right to counsel." Redmon, 414 F. App'x at 226 (quoting Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). While a court may appoint counsel for an indigent plaintiff pursuant to Section 1915(e)(1), the court "has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Exceptional circumstances exist "where the

facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. (quoting Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)).

Plaintiff does not show that there are any exceptional circumstances that merit the appointment of counsel. Rather, Plaintiff's Complaint as amended contains fairly straightforward allegations concerning his confinement at Smith State Prison and Macon State Prison. (See Docs. 1, 15.) The constitutional and state-law issues raised by those allegations are, in the Court's experience, relatively common in Section 1983 actions filed—and litigated—by pro se prisoner plaintiffs. Furthermore, having reviewed Plaintiff's many filings thus far, the Court finds no reason to believe that Plaintiff cannot represent himself effectively in this case. Thus, Plaintiff's Motion is **DENIED**.

**V.     Motion for Permanent Injunction, Motion for Temporary Restraining Order (Doc. 7); Motion for Help (Doc. 12); and Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 15)**

In these Motions, Plaintiff complains about the grievance process at his current place of confinement, Calhoun State Prison, and requests a restraining order or injunction prohibiting the administration and staff at that facility from interfering with his use of the grievance procedures. (See Docs. 7, 12, 15-1.) Specifically, Plaintiff contends that certain Calhoun State Prison officials—Warden Phil Hall, Counselor Brown, Counselor Ray, Ms. Buoi, Ms. Cox, the Grievance Coordinator, and the Grievance Chief Counselor—are refusing to supply Plaintiff with grievance forms, preventing him from filing grievances and appealing any denials thereof, and retaliating against him for previously filed grievances. (Doc. 7, p. 1; Doc. 12, pp. 2–3; Doc. 15-1, pp. 1–2.) As a result, Plaintiff asks that the Court enter a restraining order or injunction mandating that these individuals personally deliver a grievance form to Plaintiff's cell every day, wait while he completes the form, accept his grievance, provide him with a signed and dated

receipt, and allow him to appeal should the grievance be denied. (Doc. 7, p. 3; Doc. 12, p. 3; Doc. 15-1, pp. 2, 5–6.)

To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with

prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff's Complaint as amended does not name any Calhoun State Prison staff members as Defendants or even contain allegations concerning his confinement at that facility. (See Docs. 1, 15.) Because the Calhoun State Prison officials identified in the instant Motions are not parties to this action, this Court lacks jurisdiction to enter any restraining order or injunction against them. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842–43 (11th Cir. 1995) (stating that district court lacks subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty). In other words, the Court cannot order these officials—or, for that matter, any other staff members of Calhoun State Prison—to take, or refrain from taking, any action affecting Plaintiff's use of the grievance system at that facility.

Even construing Plaintiff's Motions liberally, so as to request a restraining order or injunction against the named Defendants, Plaintiff fails to show that such relief is appropriate in this case. That is, even if Plaintiff is able to demonstrate likely or actual success on his constitutional claims against Defendants, Plaintiff's Motions do not establish that a restraining order or injunction is necessary to prevent any irreparable injury. See Siegel, 234 F.3d at 1176

15

("[T]he absence of a substantial likelihood of irreparable injury would, standing alone, make [equitable] relief improper."). Indeed, Plaintiff's Complaint itself is an example of the legal remedies available to rectify any past or future deprivations of the grievance process, as it seeks money damages on the basis of the alleged events, including the grievance denials, at Smith State Prison. (See, e.g., Doc. 1, pp. 17–18, 32); see also St. James Entm't LLC v. Crofts, 837 F. Supp. 2d 1283, 1292–93 (N.D. Ga. 2011) ("Plaintiff has failed to demonstrate that it lacks adequate remedies at law . . . . Counts II–IV of Plaintiff's Complaint are examples of the legal remedies available to it, if Defendant attempts to divert business from the Company to himself.") Moreover, a restraining order or injunction against Defendants would do nothing to remedy any past deprivations involving the grievance process at Smith State Prison, and there is no threat of future injury at that facility because Plaintiff is no longer housed there. Nor would such an order or injunction against Defendants do anything to prevent Plaintiff's alleged exclusion from the grievance system at Calhoun State Prison, since Defendants are neither employed at that facility nor involved in the administration of its grievance procedure.

Finally, even if Plaintiff were able to establish the proper predicate for the entry of a restraining order or injunction against Defendants, this Court cannot grant the particular form of equitable relief that Plaintiff is wishing to obtain therefrom. Because Plaintiff's requested relief involves the internal prison grievance system—a matter squarely within the realm of prison administration—an order or injunction granting such relief would be broader and more intrusive than necessary to remedy any potential constitutional violation.

In sum, the Court lacks jurisdiction to grant Plaintiff's Motions as to the nonparty Calhoun State Prison officials. Even reading Plaintiff's Motions as pertaining to the named Defendants in this case, Plaintiff fails to satisfy the requirements for the entry of a restraining

order or injunction against them, and, ultimately, the Court cannot enter the type of order or injunction Plaintiff is requesting. Consequently, the Court should **DENY** Plaintiff's Motion for Permanent Injunction, Motion for Temporary Restraining Order (doc. 7); Motion for Help (doc. 12); and Motion for Preliminary Injunction and Motion for Temporary Restraining Order (doc. 15).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend/Correct Complaint (doc. 15) is **GRANTED**, such that Plaintiff may supplement his original Complaint (doc. 1) with the amendment set forth in this Motion. As such, the Clerk of Court is **DIRECTED** to create a new docket entry in this case containing the relevant portion of Plaintiff's Motion (doc. 15, pp. 2–23) under the title "Amendment to Complaint." In addition, the Clerk of Court is **DIRECTED** to add to the docket sheet the following Macon State Prison staff members listed as Defendants in the Amendment to Complaint: Sergeant Hall, Counselor Thomas, Counselor Eddie Walker, Ms. Carter, Counselor Black, Sergeant Hudson Charles, Officer Banks, Captain Sales, COII Toby, COII William Ieshia, Lieutenant Blackshere, Anthony Cox, COII Jenkins, Officer Moore, Unit Manager McIntyre Tracy, Mr. Wallice, COII Kendrick Wilkerson, Ms. Solomon R. Bennie, Officer Williams, Warden Don Blakely, Bobbitt Trevonza, COII Kelly Christopher, Lieutenant Demundo Domenico, Sergeant Knighton Tanya, Lieutenant Eadie, Gregory McLaughlin, Sergeant Ingram, Sergeant Ross, Misti Jones, and Officer Jefferson.

Further, Plaintiff is **ORDERED** to show cause, **within thirty (30) days** of the date of this Order, why his Complaint/Amended Complaint should not be dismissed without prejudice for abuse of the judicial process for failing to disclose his prior federal cases as required on the complaint form. Additionally, Plaintiff's Motion to Compel Discovery (doc. 11) and Motion to

Appoint Counsel (doc. 18) are **DENIED**. Further, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Permanent Injunction, Motion for Temporary Restraining Order (doc. 7); Motion for Help (doc. 12); and Motion for Preliminary Injunction and Motion for Temporary Restraining Order (doc. 15). The Clerk of Court is **DIRECTED** to serve a copy of this Order and Report and Recommendation upon Plaintiff.

Any party seeking to object to this Report and Recommendation as to Plaintiff's Motion for Permanent Injunction, Motion for Temporary Restraining Order (doc. 7); Motion for Help (doc. 12); and Motion for Preliminary Injunction and Motion for Temporary Restraining Order (doc. 15), is **ORDERED** to file specific written objections **within fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA