# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DERRICK PAUL HOLMES, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-12 |
| v. | |
| WARDEN STANLEY WILLIAMS; MR. MOURAD; JAMES DEAL; MR. SMOKES; MS. MARTIN; SARGENT CAS; EARL TOPPINGS; RICHARD BUNCH; JOHNNY DAVIS; ERIC YONG; CARLOS DELGADO; OFFICER WEST; UNIT MANAGER BLAND; OFFICER SANDERS; DR. COOK; CERT TEAM WHITEFIELD; OFFICER GEORGE; UNKNOWN CERT TEAM MEMBERS; OFFICER JONES; UNKNOWN SMITH STATE PRISON NURSES; TOOL; TOUCHA; COCHA; BRIAN OWENS; and NATHAN DEAL, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's Response to the Court's show cause Order dated July 20, 2015. (Doc. 24.) In that Order, the Court instructed Plaintiff to show cause, within thirty days, why this case should not be dismissed without prejudice for abuse of the judicial process. (Doc. 20.) For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint as amended (docs. 1, 21) be **DISMISSED without prejudice** and that this case be **CLOSED**.

**BACKGROUND**

On January 13, 2015, Plaintiff, who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983") contesting certain conditions of his confinement while housed at Smith State Prison in Glennville, Georgia. (Doc. 1, pp. 2–3.) In doing so, Plaintiff used the standard complaint form for civil rights actions filed under Section 1983. (Id. at p. 1.) Section I of the complaint form, titled "Previous Lawsuits," asks whether the claimant has "filed other lawsuits in federal court while incarcerated in any institution." (Id.) Plaintiff responded to this question by placing a check mark next to the option reading, "No." (Id.) The "Previous Lawsuits" section also inquires as to the details of any previous lawsuit—including, for example, "Did the previous case involve the same facts?" (Id. at pp. 1–2.) However, Plaintiff left blank the spaces provided for responding to the remaining questions in the "Previous Lawsuits" section. (Id.)

On May 29, 2015, Plaintiff moved for the Court's permission to amend his Complaint so as to add new Defendants and claims relating to the conditions of his confinement. (Doc. 15, pp. 1, 4.) The Court granted Plaintiff's Motion (doc. 20), and Plaintiff's Amendment to Complaint was entered upon the docket of this case (doc. 21). Notably, Plaintiff's Amendment to Complaint does not mention or otherwise indicate that Plaintiff has had any prior lawsuits in federal court during his incarceration. (Doc. 21.)

In the Order dated July 20, 2015, the Court undertook to review Plaintiff's Complaint as amended for compliance with the provisions of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A ("Section 1915" and "Section 1915A"). (Doc. 20, pp. 1–5, 8–10.) Noting Plaintiff's cursory response in the "Previous Lawsuits" section, the Court stated that its case management system reflects at least one lawsuit that Plaintiff has filed in this Court while

2

incarcerated: Smith v. Williams, No. 6:13-cv-69-BAE-RSB (S.D. Ga. Mar. 5, 2015). (Id. at p. 8.) The Court summarized the Smith action as follows:

> In Smith, Plaintiff and another inmate jointly filed a Section 1983 complaint against several Smith State Prison officials on July 9, 2013. While the complaint largely contained allegations relating only to the other inmate, Plaintiff's subsequent filings in that case affirmed his intent to pursue the claims jointly. In any event, because Plaintiff failed to pay the filing fee or otherwise move to proceed in forma pauperis, Plaintiff was dismissed from the lawsuit.

(Id. (internal citations omitted) (citing Smith, No. 6:13-cv-69-BAE-RSB).) Citing Section 1915 and Federal Rule of Civil Procedure 11(c) ("Rule 11(c)"), the Court ordered Plaintiff to show cause, within thirty days of the date of that Order, why his Complaint as amended should not be dismissed for abuse of the judicial process for failing to disclose his prior litigation. (Id. at pp. 8–11.)

The Court entered another Order on August 13, 2015, disposing of various motions for injunctive relief filed by Plaintiff. (Doc. 23.) In that Order, the Court reminded Plaintiff of his obligation to show cause why his claims should not be dismissed based on his failure to truthfully disclose his litigation history. (Id. at p. 2.) The Court forewarned Plaintiff that "[s]hould [he] fail to meet that obligation, the Court may dismiss this action." (Id.)

On August 31, 2015, Plaintiff filed a Response to the show cause Order contending that his Complaint as amended should not be dismissed, because he "did not intentionally, knowingly, deliberately file a pleading that contained false contentions." (Doc. 24, p. 2.) Plaintiff explains that in Smith, "another inmate included [him] in [the] complaint as a class action yet Plaintiff chose not to engage in the complaint and chose not to pay any filing fees [or] move[ ] to proceed in forma pauperis." (Id.) Thus, Plaintiff maintains that "in [his] mind[,] [he] thought that he was dismissed from the class action and thought that he was not a plaintiff in any lawsuit or any complaint." (Id.)

3

**DISCUSSION**

The Court now resumes its initial review of Plaintiff's Complaint as amended to consider its compliance with Sections 1915 and 1915A of the Prison Litigation Reform Act, in light of Plaintiff's Response to the show cause Order. In addition, the Court addresses herein the issue of in forma pauperis status on appeal.

**I.      Plaintiff's Complaint as Amended**

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A of the Prison Litigation Reform Act requires a district court to screen the prisoner's complaint for cognizable claims before, or as soon as possible after, docketing. 28 U.S.C § 1915A(a). The court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune. Id. § 1915A(b). Similarly, Section 1915, which governs a prisoner's payment of filing fees, states that a court must dismiss a prisoner's case if it determines, at any time, that any of the aforementioned grounds for dismissal are present. Id. § 1915(e)(2)(B). In conducting an initial review, the Court must ensure that the prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act set forth in Sections 1915 and 1915A. See 28 U.S.C. §§ 1915, 1915A.

Notably, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). Additionally, Federal Rule of Civil Procedure 11(c) ("Rule 11(c)") permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Id. at 225–26 (citing Fed. R. Civ. P. 11(c)). While pro se pleadings

4

are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules." Id. at 226 (emphasis omitted) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); see also McNeil, 508 U.S. at 113 ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The Court of Appeals for the Eleventh Circuit has consistently affirmed dismissals pursuant to Section 1915 and Rule 11(c), where a pro se prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form. See, e.g., Redmon, 414 F. App'x at 226 (pro se prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Significantly, even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the

plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Consistent with this authority, the Court should dismiss Plaintiff's Complaint as amended without prejudice for abuse of the judicial process, because it misrepresents his litigation history. Indeed, Plaintiff concedes that he was named as a plaintiff in the Smith complaint when it was filed in this Court on July 9, 2013, and Plaintiff does not dispute having had knowledge of that fact both at that time and at the time of filing the instant action. (See Doc. 24, p. 2.) Nevertheless, Plaintiff maintains that he did not disclose his involvement in Smith when filing this action, because he "chose not to engage in the complaint and chose not to pay any filing fees" and, therefore, was dismissed from that case. (Id.) According to Plaintiff, he believed that these events meant that he "was not a plaintiff in any lawsuit or any complaint." (Id.)

Plaintiff's asserted justification for his lack of candor must fail for several reasons. First, while Plaintiff attempts to downplay his intent "to engage in the complaint" in Smith (see id.), his active role as a coplaintiff in that case is unmistakable. The docket in that case reveals several pleadings filed and signed by Plaintiff: (1) a letter informing the Court of his change of address and requesting, in his words, "a copy of my recent petition/complaint"; (2) another letter requesting a copy of the complaint; (3) a "Supplement to Amended Complaint" containing his factual allegations and claims; (4) a "Motion for Appointment of Counsel"; (5) a "Notice" stating that Plaintiff, as "a coplaintiff" in that case, was "trying to proceed in forma pauperis"; (6) a "Motion for Leave to Proceed in Forma Pauperis"; and (7) a letter asking that his complaint be returned after his dismissal for nonpayment of fees. Smith, No. 6:13-cv-69-BAE-RSB, ECF Nos. 12–13, 20, 23–24, 27–28, 36. Thus, to the extent that Plaintiff now suggests that he never

6

actually participated as a coplaintiff in Smith, or that his dismissal from that case was by choice, Plaintiff's contentions are controverted by the record in that case.

Second, Plaintiff's asserted belief that his dismissal from Smith meant that he "was not a plaintiff in any lawsuit or any complaint" is unreasonable. (See Doc. 24, p. 2.) The Court's dismissal Order in Smith stated that because Plaintiff "ha[d] neither paid a filing fee in th[e] case nor sought permission to proceed in forma pauperis" at that time, "his claims [were] dismissed without prejudice" and could be pursued "by filing a separate lawsuit and either paying the filing fee or requesting leave to proceed in forma pauperis." Smith, No. 6:13-cv-69-BAE-RSB, ECF No. 5 (emphasis omitted). Thus, the plain language of the Order conveyed only that Plaintiff would no longer be considered a coplaintiff in that case going forward, not that he was absolved from his status as coplaintiff up until that point. Because nothing in the language of the Court's dismissal Order in Smith could reasonably be interpreted in the manner urged by Plaintiff, Plaintiff's mistaken belief does not excuse his nondisclosure. See Redmon, 414 F. App'x at 226 (finding that the prisoner plaintiff's misunderstanding of fact did not excuse misrepresenting his litigation history in his Section 1983 complaint).

Third, even proceeding under a mistaken belief that he no longer held the title of "plaintiff" or "coplaintiff" in any lawsuit, Plaintiff's obligation to disclose the Smith case should nevertheless have been evident. The Section 1983 complaint form asks only whether Plaintiff has "filed other lawsuits in federal court while incarcerated in any institution." (See Doc. 1, p. 1 (emphasis added).) Notwithstanding Plaintiff's beliefs concerning his status as a "plaintiff" or "coplaintiff" in that case after dismissal, Plaintiff knew that he and another inmate had jointly filed the Smith case in this Court during his incarceration—the exact type of activity for which the Section 1983 complaint form requires disclosure. See Shelton, 406 F. App'x at 341 ("Even if

actually participated as a coplaintiff in Smith, or that his dismissal from that case was by choice, Plaintiff's contentions are controverted by the record in that case.

Second, Plaintiff's asserted belief that his dismissal from Smith meant that he "was not a plaintiff in any lawsuit or any complaint" is unreasonable. (See Doc. 24, p. 2.) The Court's dismissal Order in Smith stated that because Plaintiff "ha[d] neither paid a filing fee in th[e] case nor sought permission to proceed in forma pauperis" at that time, "his claims [were] dismissed without prejudice" and could be pursued "by filing a separate lawsuit and either paying the filing fee or requesting leave to proceed in forma pauperis." Smith, No. 6:13-cv-69-BAE-RSB, ECF No. 5 (emphasis omitted). Thus, the plain language of the Order conveyed only that Plaintiff would no longer be considered a coplaintiff in that case going forward, not that he was absolved from his status as coplaintiff up until that point. Because nothing in the language of the Court's dismissal Order in Smith could reasonably be interpreted in the manner urged by Plaintiff, Plaintiff's mistaken belief does not excuse his nondisclosure. See Redmon, 414 F. App'x at 226 (finding that the prisoner plaintiff's misunderstanding of fact did not excuse misrepresenting his litigation history in his Section 1983 complaint).

Third, even proceeding under a mistaken belief that he no longer held the title of "plaintiff" or "coplaintiff" in any lawsuit, Plaintiff's obligation to disclose the Smith case should nevertheless have been evident. The Section 1983 complaint form asks only whether Plaintiff has "filed other lawsuits in federal court while incarcerated in any institution." (See Doc. 1, p. 1 (emphasis added).) Notwithstanding Plaintiff's beliefs concerning his status as a "plaintiff" or "coplaintiff" in that case after dismissal, Plaintiff knew that he and another inmate had jointly filed the Smith case in this Court during his incarceration—the exact type of activity for which the Section 1983 complaint form requires disclosure. See Shelton, 406 F. App'x at 341 ("Even if

[the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits.").

Thus, Plaintiff fails to offer any persuasive reason for failing to disclose—and, in fact, overtly misrepresenting—his litigation history in his Complaint as amended. In addition, the Court has twice provided notice to Plaintiff that his misrepresentation, without adequate justification, could result in a dismissal of this case. See Young, 380 F. App'x at 941 (plaintiff's opportunity to file response to magistrate judge's report and recommendation giving notice of possible dismissal satisfies due process); (see also Docs. 20, 23). Allowing Plaintiff to now "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." Hood, 197 F. App'x at 819. Under these circumstances, a dismissal without prejudice is warranted. See, e.g., Redmon, 414 F. App'x at 226; Shelton v. Rohrs, 406 F. App'x at 341; Young, 380 F. App'x at 941; Hood, 197 F. App'x at 819; see also Shelton, 406 F. App'x at 341 ("Moreover, the court dismissed without prejudice; [the plaintiff] may refile his complaint with a correct response to the questions asked."). Accordingly, Plaintiff's Section 1983 Complaint as amended (docs. 1, 21) should be **DISMISSED without prejudice** for abuse of the judicial process, and this case should be **CLOSED**.

## II. Leave to Appeal in Forma Pauperis

The Court should also deny Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. §

1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).

Based on the above analysis, any appeal taken in this case would be indisputably based on a pleading containing false contentions and manipulative tactics. Because there are no nonfrivolous, good faith issues to raise on appeal, the Court should not grant Plaintiff in forma pauperis status on appeal. Thus, any request for leave to appeal in forma pauperis should be **DENIED**.

## CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Complaint as amended (docs. 1, 21) be **DISMISSED without prejudice** and this case **CLOSED**, and that any request for leave to appeal in forma pauperis be **DENIED**. The Clerk of Court is **DIRECTED** to serve a copy of this Order and Report and Recommendation upon Plaintiff.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections **within fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein. Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA